## W. D. SCHMIDT & COMPANY, Respondent, v. J. H. LIGHTNER, Appellant.

**Kansas City Court of Appeals, January 11, 1915.**

1. **ACCOUNTS: Evidence: Verbal Testimony: Books.** A plaintiff may prove his mercantile account against a defendant by direct verbal testimony from witnesses who have personal knowledge of its being correct, and he is not compelled to introduce his books; though the defendant may require the books to be brought into court by proper process.

2. ———: ———: **Statement of Account.** In proving an account it is proper to admit evidence of the plaintiff's bookkeeper that she had sent a statement of the account to defendant and that he had failed to answer.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*Don C. Carter* for appellant.

(1) The court erred in admitting irrelevant, immaterial and inadmissable and prejudicial evidence on the part of plaintiff, and offered and read in evidence on the part of plaintiff, over the timely objection of defendant. Shaw & Co. v. Bryan, 39 Mo. App. 526; Wolff v. Matthews, 39 Mo. App. 379; O'Connell v. Nicholson, 67 Mo. App. 659. (2) The court erred in overruling defendant's objection to the questions and answers in the depositions of the witnesses Sigwall A. Mason and Loretta Burns, and erred in permitting

said questions and answers as objected to, to be read to the jury by plaintiff. Anchor Milling Co. v. Walsh, 108 Mo. 277; Crane Co. v. Neel, 104 Mo. App. 183; Stephen v. Metzger, 95 Mo. App. 620; Wells v. Hobson, 91 Mo. App. 385; Drumm Flato Com. Co. v. Bank, 107 Mo. App. 435; Gregory v. Jones, 101 Mo. App. 283; Borgess Inv. Co. v. Vette, 142 Mo. 572; Drug Co. v. Graddy, 57 Mo. App. 42; Martin v. Nichols, 54 Mo. App. 597. (3) The court erred in admtiting in evidence, over the timely objection of defendant, plaintiff's Exhibit B. Linn v. Ins. Co., 78 Mo. App. 202; Brown, Ex'tr'x v. Massey, 138 Mo. 533. (4) There was not sufficient evidence, under the law, to take the case to the jury. Robertson v. Railroad, 152 Mo. 391; Quinn v. McCallum, 178 Mo. App. 243.

*H. S. Booth* for respondent.

(1) If there is any evidence it must go to the jury, who are the exclusive judges of its weight and sufficiency. Chamberlain v. Smith, 1 Mo. 402; Deere v. Plant, 43 Mo. 60. (2) However slight it may be and whether direct or inferential. Emerson v. Sturgeon, 18 Mo. 170; Rippeg v. Friede, 26 Mo. 523. (3) If there is any substantial evidence or any issue of fact, its determination is for the jury. Seatrige v. Railroad, 105 Mo. 520. (4) And if the evidence tends to support any one of the several counts of the petition, the demurrer should be overruled. Williamson v. Fisher, 88 Mo. 588. (5) To justify such an instruction, it is not sufficient that the evidence is weak; there must be no evidence. Routsing v. Railroad, 45 Mo. 236.

ELLISON, P. J.—Plaintiff's action is based on a balance alleged to be due on an account for goods sold by them to defendant. Evidence in plaintiff's behalf was introduced, when defendant demurred

thereto. His demurrer being disallowed, he refused to introduce evidence. Verdict and judgment was then had for plaintiff and defendant appealed.

Objections to the judgment are based on the alleged admission of improper testimony. Witness Munson was plaintiff's shipping clerk and testified that plaintiff's, who live in Chicago, had business dealings with defendant who lives in Sturgeon, Missouri. That he was plaintiff's shipping clerk and shipped goods to defendant in October and November, 1910, amounting to $164. That he personally knew this. Each of these statements was a separate answer in response to a separate question and each was objected to on the grounds that "the firm's records are the best evidence." We think the objections not well made. In the first place, it was not made to appear at this stage that the firm had any records. But if it had, that did not prevent the witness from stating what he knew personally and what he did personally. There is no law requiring plaintiff's proof to be in writing; nor that it should be recorded in a book. A creditor's accounts as shown by his books, the entries in which are made contemporaneously, may be received in evidence in his favor (Auchom Milling Co. v. Walsh, 108 Mo. 277; Mathis v. O'Neil, 94 Mo. 520) and such account books can be required by the opposite party by proper process to be brought in to be used by him as evidence, if he desires. But the mere fact that a plaintiff can use his books as evidence of his account, when he otherwise would not be able to prove it, does not render other evidence incompetent. It is said in 17 Cyc. 480, that, "as a general rule original written accounts and books of account are the best evidence of the matters they contain, and unless they are produced or their absence is explained their contents cannot be proved by parol. But this rule does not apply to exclude parol evidence given by witnesses

whose testimony is founded on their personal knowledge independent of the books; and where persons who can give such independent testimony are available and can readily be called as witnesses, or do in fact testify, the books of account are frequently excluded as being inferior evidence, especially where such persons made the book entries containing the facts to be proved."

But afterwards the deposition of a witness was introduced whose employment indicated that plaintiff kept books, for she testified she was their "bookkeeper" and had charge of the "books and records." It seems that her deposition had been taken and suppressed, in which she identified an exhibit "A" and attached it to the suppressed deposition. The second deposition, the one read at the trial, consisted in her stating that that exhibit was "of all the accounts receivable." That "it was the original accounts receivable ledger sheet," of this defendant. She then gave testimony in identification of the ledger sheet, all of which became of no consequence, since it was not allowed to be received in evidence on account of not being attached to the deposition. The remainder of her testimony was admissible. It consisted of her saying that she had mailed statements of the balance of defendant's account to him twice a month for two years, and that he had never denied it to her knowledge. She was not cross-examined and we do not see how it could be said to be improper for her to testify to what she personally knew.

Finally defendant objected to the admission of a letter of his in answer to one written to him by plaintiff's atorney, asking him to pay the balance of the account. The answer is as follows: "I am from Missouri and it is very strange that they are just finding $92.60 when the last business I done with them was in 1910. What is their statement? My check is

good enough receipt for me.'' This was objected to on the ground that there was not sufficient evidence of defendants having written or signed it. There was some halting and unsatisfactory evidence that it was defendant's handwriting, but enough, we think, to justify its admission. Why plaintiff should have offered this and why defendant should have objected to it, is hard to solve. It was not of much force either way, but whatever value it had was in defendant's favor.

We find no substantial error and the judgment being manifestly for the right party, it is affirmed. All concur.